ERANTHE LAW FIRM
CATHERINE ERANTHE, ESQ. CA Bar #095962
4040 Civic Center Drive, Suite 200
San Rafael, CA 94903
Telephone: (415) 504-2006
Facsimile: (415) 789-4484

Attorneys for Timothy Roberts Redpath, Defendant

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>TIMOTHY ROBERTS REDPATH and KRISTY SHANNON REDPATH,<br><br>Debtors. | Case No. 14-10401<br><br>Chapter 7 |
| OLIVIA DORMAN, et al<br><br>Plaintiffs,<br><br>vs.<br><br>TIMOTHY ROBERTS REDPATH,<br><br>Defendant. | A.P. No. 14-03071 |

**ANSWER TO COMPLAINT TO DETERMINE DISCHARGEABILITY**

DEFENDANT TIMOTHY ROBERTS REDPATH ("Redpath") hereby submits his Answer

Redpath Answer A.P. No. 14-03071
Page | 1

and Affirmative Defenses to Plaintiffs' Complaint ("Complaint").  Unless otherwise indicated, Redpath lacks sufficient information to form a belief as to the truth of the allegations directed to other individuals and entities, and on that basis denies each and every such allegation.

    1. Responding to the unnumbered paragraph set forth on page 2 of the Complaint, Redpath denies the allegations contained therein.

    2. Responding to the residence allegations contained in paragraphs numbered 1, 2, 3 and 4, Redpath lacks knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies each and every allegation of residence therein. Redpath admits that the plaintiffs are sophisticated investors who have made disputed claims against him.  Except as admitted, Redpath denies the allegations contained in said paragraphs.

    3.  Paragraphs 5 and 6 of the Complaint state legal conclusions that require no response. To the extent paragraphs 5 and 6 purport to assert allegations of fact, Redpath denies the allegations.

    4. In response to paragraph 7, Redpath states that 28 U.S.C. §§157(b)(2)(I) and (J) is a written statute, the terms of which speak for itself.  To the extent paragraph 7 purports to assert allegations of fact, Redpath denies the allegations.

    5. Paragraph 8 states legal conclusions that require no response. To the extent paragraph 8 purport to assert allegations of fact, defendant Redpath denies the allegations.

    6. Responding to the allegations contained in paragraph 9, Redpath admits that he filed a no asset Chapter 7 bankruptcy case on March 18, 2014 and that he is a resident of Marin County, California. Redpath

denies that he listed the plaintiffs as "unsecured dischargeable creditors in his bankruptcy schedules." Redpath did list the plaintiffs as "unsecured disputed creditors" who should be discharged. Except as admitted, Redpath denies the allegations contained in said paragraph.

7. Redpath denies the allegation contained in paragraph 10.

8. In response to paragraph 11, Redpath hereby re-alleges and incorporates each of his responses to Paragraphs 1 through 10 of the Complaint.

9. Redpath admits the allegation contained in paragraph 12.

10. Responding to the allegations contained in paragraph 13, Redpath admits there was an SEC case in the United District Court, District of Minnesota, Civil No. 10-3995 that settled for negligence after much discovery because fraud was not proved by the facts. Redpath denies the allegations contained in paragraph 13 except as admitted. Redpath also responds that this is a misleading version of the settlement which says nothing that would prohibit Redpath from denying the validity of the SEC complaint. As plaintiffs are aware, the cases brought under the Exchange Act have failed to prove any fraudulent or intentional wrong actions on the part of Redpath. The most that the facts show is that Redpath was optimistic about economic recovery and the cyclical nature of real estate values.

11. Responding to the allegations contained in paragraph 14, Redpath admits the Fund was a Delaware limited partnership based in Minneapolis, Minnesota operating as an unregistered investment pool that raised approximately $55 million (not $74 million) from approximately 450 investors across the United States. Redpath also admits that "a mezzanine real estate loan is a loan in which the lender's security interest

in the real estate collateralizing the loan is subordinate to a more senior lender." Redpath further responds that in 2009 there was no mezzanine funding. Redpath denies the allegations contained in paragraph 14 except as admitted.

12. Redpath denies the allegations contained in paragraph 15.

13. Responding to the allegations contained in paragraph 16, Redpath admits the Fund offered limited partners a 12% annual fixed return and this return was generated by interest payments from Hennessey Financial on loans made by THE FUND: Hennessey Financial, in turn, generated income by making mezzanine loans to real estate developers, most of which were affiliated with Hennessey Financial. Redpath denies the allegations contained in paragraph 16 except as admitted.

14. Redpath admits the allegation contained in paragraph 17.

15. Responding to the allegations contained in paragraph 18, Redpath admits CS Distributors acted as distributor of the Fund at various times and that it raised money from new investors, including the Plaintiffs. Redpath denies that he "spearheaded raising money" from January 2005 through August 2009.

16. Responding to the allegations contained in paragraph 19, Redpath admits that by late 2007 Hennessey Financial encountered financial distress. Redpath denies the allegations contained in paragraph 19 except as admitted.

17. Responding to the allegations contained in paragraph 20, Redpath admits that by April 2008 he had learned that Hennessey Financial might default on its payment obligations to the Fund. Redpath denies the allegations contained in paragraph 20 except as admitted.

18. Redpath denies the allegation contained in paragraph 21.

19. Redpath admits the allegation contained in paragraph 22. Redpath further responds that this letter has no material relevance to the plaintiffs in this matter because they were Fund investors NOT Hennessey investors. All of Hennessey's assets were taken from him and given to the Fund for the benefit of its investors.

20. Redpath admits the allegation contained in paragraph 23. Redpath further responds that the real estate which came under the control of the Fund was worth three (3) times the value of the debt held by the Fund.

21. Redpath denies the allegations contained in paragraphs 24 and 25.

22. Redpath admits the allegation contained in paragraph 26.

23. Redpath denies the allegations contained in paragraphs 27 and 28.

24. Redpath admits the allegations contained in paragraph 29.

25. Redpath denies the allegations contained in paragraphs 30 and 31.

26. Redpath denies the allegations contained in paragraph 32 C. Redpath generally admits the allegations contained in paragraph 32 and 32 A and B although Redpath is not certain on the dates of the Fund Updates that are quoted.

27. Redpath admits the allegations contained in paragraphs 33 and 34.

28. Redpath denies the allegations contained in paragraphs 35 and 36.

29. Responding to the allegations contained in paragraph 37, Redpath admits that in February 2009 he participated in drafting a question and answer sheet for investments in the Fund Notes, which was provided to Fund investors. Redpath also admits "The question and answer sheet stated, among other things, that the current imbalance in the U.S. real estate market" has resulted in "unprecedented" and "immediate opportunities" for THE FUND to lend money or purchase existing loans, and "the Fund is offering the SERIES I PREFERRED NOTES to aggressively raise capital and make as many investments as possible during this short term period."

Redpath denies the allegations contained in paragraph 37 except as admitted.

30. Redpath denies the allegations contained in paragraph 38.

31. Redpath lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and on that basis denies each and every allegation contained therein.

32. Redpath admits the allegations contained in paragraph 40. Redpath further responds that these investors are not related to the plaintiffs in this case or to the Fund.

33. Redpath admits the allegations contained in paragraph 41.

34. Redpath lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 56 and 57 and on that basis denies each and every allegation contained therein. Redpath further responds that the RES loan was repaid at 100%.

Case: 14-03071   Doc# 8   Filed: 07/18/14   Entered: 07/18/14 16:28:32   Page 6 of 11

35. In response to paragraph 58, Redpath hereby re-alleges and incorporates each of his responses to Paragraphs 1 through 57 of the Complaint.

36. Redpath lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and on that basis denies each and every allegation contained therein.

37. Redpath denies the allegations contained in paragraphs 60, 61, 62 and 63.

38. In response to paragraph 64, Redpath hereby re-alleges and incorporates each of his responses to Paragraphs 1 through 63 of the Complaint.

39. Redpath denies the allegations contained in paragraphs 65 and 66.

40. In response to paragraph 67, Redpath hereby re-alleges and incorporates each of his responses to Paragraphs 1 through 66 of the Complaint.

41. Redpath denies the allegations contained in paragraphs 68, 69 and 70.

42. Redpath denies the allegations contained in paragraph 71. Redpath further responds that there were no violations of Section 10(b) of the Exchange Act, Rule 10b-5 thereunder or any other provision of the Exchange Act. As plaintiffs are aware, the cases brought under the Exchange Act have failed to prove any fraudulent or intentional wrong actions on the part of Redpath.

43. In response to paragraph 72, Redpath hereby re-alleges and incorporates each of his responses to Paragraphs 1 through 71 of the Complaint.

44. Redpath denies the allegations contained in paragraph 73.

45. Redpath denies the allegations contained in paragraph 74. Redpath further responds that there were no violations of Section 10(b) or Section 20 of the Exchange Act, Rule 10b-5 or any other provision of the Exchange Act.  As plaintiffs are aware, the cases brought under the Exchange Act have failed to prove any fraudulent or intentional wrong actions on the part of Redpath.

46. In response to paragraph 75, Redpath hereby re-alleges and incorporates each of his responses to Paragraphs 1 through 74 of the Complaint.

47. Redpath denies the allegations contained in paragraph 76.

48. In response to paragraph 77, Redpath hereby re-alleges and incorporates each of his responses to Paragraphs 1 through 76 of the Complaint.

49. Redpath denies the allegations contained in paragraph 78.

## AFFIRMATIVE DEFENSES

Without altering the applicable burdens of proof, Redpath asserts the following affirmative defenses:

### First Affirmative Defense

The Complaint fails to state any claim upon which relief may be granted.

### Second Affirmative Defense

Some or all of the claims asserted by Plaintiffs are barred by the applicable statutes of limitation, repose, and/or the doctrine of laches.

### Third Affirmative Defense

Plaintiffs are estopped to assert some or all of the claims against Redpath.

### Fourth Affirmative Defense

Plaintiffs have waived each and every obligation which they seek to enforce against Redpath.

### Fifth Affirmative Defense

Redpath alleges that the sole, proximate cause of any alleged injury, damage or loss allegedly sustained by Plaintiffs were the acts and conduct of persons or parties other than Redpath or his agents, servants, workmen or employees.

### Sixth Affirmative Defense

Redpath alleges that Plaintiffs assumed the risks of the matters referred to in the Complaint, knew and appreciated the nature of the risks, and Plaintiffs voluntarily accepted said risks because they are sophisticated investors who were given more than adequate notice of the risk prior to investing.

### Seventh Affirmative Defense

Redpath alleges that he acted reasonably, in good faith, and with justification at all times.

### Eighth Affirmative Defense

Redpath alleges that his actions were at all times consistent with industry and regulatory standards.

### Ninth Affirmative Defense

Redpath alleges that in good faith, he relied on Hennessey Financial and the Heritage entities, and their accountants, auditors, and personnel, as well independent third-party appraisals.

///

///

Redpath Answer A.P. No. 14-03071
Page | 9

### Tenth Affirmative Defense

Any purported claim for punitive damages or for penalties violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the United States Constitution.

### Eleventh Affirmative Defense

Absent a showing of bad faith or malice, any purported claim for punitive damages or for penalties violates the Due Process and Equal Protection Clauses in the California Constitution.

### Twelfth Affirmative Defense

Redpath's investigation of Plaintiffs' allegations and his defenses thereto are continuing. Therefore Redpath reserves the right to supplement or amend these defenses.

WHEREFORE, defendant Redpath prays for judgment as follows:

1. That Plaintiffs take nothing for each and every claim for relief alleged in the Complaint;

2. That judgment on each claim for relief of the Complaint is entered in favor of Redpath and against Plaintiffs;

3. That Redpath be awarded his attorneys' fees and costs incurred herein; and

4. For such other and further relief as the Court deems just and proper.

Respectfully Submitted:

DATED: July 18, 2014        ERANTHE LAW FIRM


By /s/ Catherine Eranthe
Attorney for Timothy Roberts Redpath, Defendant

**CERTIFICATE OF**

**SERVICE BY FIRST CLASS MAIL**

I, the undersigned, state that I am employed in the City and County of Marin, State of California, in the office of a member of the bar of this Court, at whose direction the service was made; that I am over the age of eighteen years and not a party to the within action; that my business address is 4040 Civic Center Drive, Suite 200, San Rafael, California 94903; that on the date set out below, I served a copy of the following:

**ANSWER TO COMPLAINT TO DETERMINE DISCHARGEABILITY**

on each party listed below by placing such a copy, enclosed in a sealed envelope with first class postage thereon affixed, in a United States Postal Service mailbox at San Francisco, California, addressed to each party listed below.

Law Offices of Lawrence G. Papale
1308 Main Street, Suite 117
St. Helena, CA 94574

Attorney to Plaintiffs

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Rafael, California, on July 18, 2014.

/s/ Lisa Steel
Lisa Steel

Redpath Answer A.P. No. 14-03071
Page | 11